# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**CRAIG AND EILEEN DOBBS**                              **PLAINTIFFS**

**v.**                    **Case No. 4:20-cv-1192 LPR**

**UNITED STATES OF AMERICA**                              **DEFENDANT**

## ANSWER OF THE UNITED STATES OF AMERICA

Comes Defendant, United States of America, by and through Cody Hiland, United States Attorney, Eastern District of Arkansas, and the undersigned, and for its Answer to the Plaintiffs' Complaint, states that:

1.     It acknowledges that this is an action brought pursuant to the Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671 – 2680, and prosecuted in substance under the Arkansas Medical Malpractice Act, codified at Ark. Code Ann. §§ 16-114-201-209.  All allegations against it contained in Paragraph 1.1 of the Plaintiffs' Complaint are denied.

2.     It is without sufficient information at this time to admit or deny the residence of the Plaintiffs, and, therefore, the allegations contained in Paragraph 1.2 of the Plaintiffs' Complaint are denied.

3.     It acknowledges that this is a cause of action brought against it.  Any further allegations contained in Paragraph 1.3 of the Plaintiffs' Complaint are denied.

4.      It acknowledges that this is an action brought pursuant to the Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671 – 2680, and, if the allegations do not fall within any proscribed exception to the Federal Tort Claims Act, jurisdiction is proper.  Any further allegations contained in Paragraph 1.4 of the Plaintiffs' Complaint are denied.

5.      It admits that the United States may be served with process pursuant to Rule 4(i) of the Federal Rules of Civil Procedure as set forth in Paragraph 1.5 of the Plaintiffs' Complaint.  Any further allegations contained in Paragraph 1.5 of the Plaintiffs' Complaint are denied.

6.      As set forth in Paragraph 1.6 of the Plaintiffs' Complaint, venue in the Central Division of the Eastern District of Arkansas is appropriate.  28 U.S.C. § 1391(e)(1).

7.      It acknowledges that this is an action brought pursuant to the Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671 – 2680, and prosecuted in substance under the Arkansas Medical Malpractice Act, codified at Ark. Code Ann. §§ 16-114-201-209.  All allegations against it contained in Paragraph 1.7 of the Plaintiffs' Complaint are denied.

8.      It acknowledges that Plaintiffs submitted an administrative claim on March 19, 2020, and they filed suit on October 7, 2020 having no yet received a response from the Department of Veterans Affairs.  Pleading further, it states that on December 17, 2020, the Department of Veterans Affairs deemed the administrative claim denied as Plaintiffs elected to file suit.  Any further allegation contained in Paragraph 3.1 of the Plaintiffs' Complaint is denied.

9.     It acknowledges that the John L. McClellan Memorial Veterans Hospital, Central Arkansas Veterans Healthcare System, is a hospital operated by the Department of Veterans Affairs, an agency of the United States of America. Any further allegation contained in Paragraph 4.1 of the Plaintiffs' Complaint is denied.

10.     The allegations contained in Paragraph 5.1 of the Plaintiffs' Complaint are denied at this time.

11.     It acknowledges that this is an action brought pursuant to the Federal Tort Claims Act, codified at 28 U.S.C. §§ 2671 – 2680, and prosecuted in substance under the Arkansas Medical Malpractice Act, codified at Ark. Code Ann. §§ 16-114-201-209.  All substantive allegations against it contained in Paragraph 6.1 of the Plaintiffs' Complaint are denied.

12.     The medical records speak for themselves, and it denies any allegation that is inconsistent with the medical records.  Any allegation of negligence contained in Paragraph 6.2 is denied.

13.     The medical records speak for themselves, and it denies any allegation that is inconsistent with the medical records.  Any allegation of negligence contained in Paragraph 6.3 is denied.

14.     The medical records speak for themselves, and it denies any allegation that is inconsistent with the medical records.  Any allegation of negligence contained in Paragraph 6.4 is denied.

15.    The medical records speak for themselves, and it denies any allegation that is inconsistent with the medical records.   Any allegation of negligence contained in Paragraph 6.5 is denied.

16.    The medical records speak for themselves, and it denies any allegation that is inconsistent with the medical records.   Any allegation of negligence contained in Paragraph 6.6 is denied.

17.    The medical records speak for themselves, and it denies any allegation that is inconsistent with the medical records.   Any allegation of negligence contained in Paragraph 6.7 is denied.

18.    The medical records speak for themselves, and it denies any allegation that is inconsistent with the medical records.   Any allegation of negligence contained in Paragraph 6.8 is denied.

19.    The medical records speak for themselves, and it denies any allegation that is inconsistent with the medical records.   Any allegation of negligence contained in Paragraph 6.9 is denied.

20.    The medical records speak for themselves, and it denies any allegation that is inconsistent with the medical records.   Any allegation of negligence contained in Paragraph 6.10 is denied.

21.    The medical records speak for themselves, and it denies any allegation that is inconsistent with the medical records.   Any allegation of negligence contained in Paragraph 6.11 is denied.

22.     The allegations contained in Paragraph 6.12 of the Plaintiffs' Complaint are denied.

23.     The allegations contained in Paragraph 6.13 of the Plaintiffs' Complaint are denied.

24.     The allegations contained in Paragraph 7.1 of the Plaintiffs' Complaint are denied.

25.     The allegations contained in Paragraph 7.2 of the Plaintiffs' Complaint are denied.

26.     The allegations contained in Paragraph 8.1 of the Plaintiffs' Complaint are denied.

27.     The allegations contained in Paragraph 8.2 of the Plaintiffs' Complaint are denied.

28.     The allegations contained in the Plaintiffs' prayer for relief are denied.

29.     Pleading affirmatively, the Plaintiffs' Complaint should be dismissed for any allegations plead outside the statute of limitations.

30.     Pleading affirmatively, it states that the injuries and damages alleged in the Plaintiffs' Complaint are the result of an act or omission of another person, entity, or proximate intervening cause, and, therefore, the Plaintiffs' Complaint should be dismissed.

31.    Pleading affirmatively, pursuant to 28 U.S.C. § 2671, the United States is not liable for the negligent action of any independent contractor involved with Mr. Dobbs's care and treatment.

32.    Pleading affirmatively, the United States is not liable for the action or omission of any independent contractor or any employee not acting within the scope of his or her employment.

33.    Pleading affirmatively, any liability of the United States is diminished by the comparative fault of other contractors, or any third party providing medical care to Mr. Dobbs.

34.    Pleading affirmatively at this time, it states that the Plaintiffs' actions contributed to his injuries as alleged in the Complaint, and, therefore, any award against the United States should be reduced in proportion to the negligence by the Plaintiffs.

35.    Pleading affirmatively, any damages pled by the Plaintiffs' Complaint must be limited to the amount of damages sought in the administrative claim pursuant to 28 U.S.C. § 2675(b).

36.    Pleading affirmatively, to the extent the Plaintiff's Complaint pleads a claim for punitive damages, punitive damages are barred by 28 U.S.C. §2674, and, therefore, must be dismissed.

37.    Pleading affirmatively, prejudgment interest is not recoverable pursuant to 28 U.S.C. § 2674.

38.    Pleading affirmatively, post judgment interest is not recoverable pursuant to 31 U.S.C. § 1304(b)(1).

39.    Pleading affirmatively, attorney's fees are not recoverable. 28 U.S.C. §§ 2412(a)(1); (d)(1)(A).

40.    A recovery in this action, if any, is subject to the provisions of 38 U.S.C. §1151 and 38 C.F.R. §3.362.

41.    Pleading affirmatively, it pleads any offset as allowed by law.

42.    Pleading affirmatively, it separately and specifically denies each and every material allegation not herein admitted.

43.    All allegations of negligence, damages, and proximate cause are denied.

WHEREFORE, the United States of America prays that the Plaintiff's Complaint against it be dismissed, and for all other appropriate relief to which it is entitled.

Respectfully submitted,


CODY HILAND
United States Attorney
Eastern District of Arkansas

By:  _____
Lindsey Mitcham Lorence
Arkansas Bar No. 96183
Assistant United States Attorney
P.O. Box 1229
Little Rock, Arkansas  72203
(501) 340-2600
lindsey.lorence@usdoj.gov