## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CRAIG AND EILEEN DOBBS**                                          **PLAINTIFFS**

**v.**                              **Case No. 4:20-cv-1192 LPR**

**UNITED STATES OF AMERICA**                                  **DEFENDANT**

### BRIEF IN SUPPORT OF SECOND MOTION IN LIMINE

### Introduction

This is a cause of action under the Federal Torts Claims Act, codified at §§ 28 U.S.C. 2671 - 2680, and prosecuted in substance under the Arkansas Medical Malpractice Act, codified at Ark. Code Ann. §§ 16-114-201 – 209.  Document No. 1.  Plaintiffs Craig and Eileen Dobbs allege that on October 9, 2018, Dr. Diaa Bahgat, a neurosurgeon practicing at Central Arkansas Veterans Healthcare System ("CAVHS") deviated from the standard of care in performance of a lumbar decompression and fusion procedure on Craig Dobbs.  *Id.*    As set forth below, the Arkansas Medical Malpractice Act prohibits a defendant from being compelled to give expert opinions against himself at trial.  To the extent the Dobbses intend to elicit standard of care or proximate causation opinions from the medical care providers of the United States, that testimony should be excluded at trial.

## Discussion of Authority

Ark Code Ann. § 16-114-207 states, in pertinent part that:

In any action for medical injury . . .

(3)     No medical care provider shall be required to give expert opinion testimony against himself or herself as to any of the matter set forth in § 16-114-206 at trial. However, this shall not apply to discovery.  Discovery information can be used at trial as in other lawsuits.

As such, the United States objects to expert opinion being elicited from Dr. Bahgat at trial on standard of care or proximate causation. *Id.*; *see Bedell v. Williams*, 2012 Ark. 75, 16-17, 386 S.W. 3d 493, 504-05 (2012).  This is improper unless the door is opened.  *Csiszer v. Wren*, 614 F.3d 866, 873-74 (8th Cir. 2010).

## Conclusion

For the foregoing reasons, Defendant, United States of America, respectfully requests that its Second Motion in Limine be granted and these matters be excluded from evidence at trial.

Respectfully submitted,

Jonathan D. Ross
United States Attorney
Eastern District of Arkansas

By:

Lindsey Mitcham Lorence
Arkansas Bar No. 96183
Assistant United States Attorney
P.O. Box 1229
Little Rock, Arkansas  72203
(501) 340-2600
lindsey.lorence@usdoj.gov

2